UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

VINCENT ZIRKER ]
    Plaintiff, ]
]
v. ]  No. 3:15-0511
]  Judge Nixon
MAYOR HOWARD BRADLEY, et al. ]
    Defendants. ]

**MEMORANDUM**

The plaintiff, proceeding *pro se*, is an inmate at the Robertson County Detention Facility in Springfield, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Howard Bradley, Mayor of Robertson County; Bill Holt, Sheriff of Robertson County; the Robertson County Detention Facility and two members of its staff; seeking damages.

The plaintiff complains about conditions of his confinement. More specifically, he alleges that the defendants have denied him access to a law library and a copier in violation of his right of access to the courts.

In order to state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A prisoner has a First Amendment right of access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, jail officials are under an affirmative obligation to provide inmates with access to an adequate law library, <u>Walker v. Mintzes</u>, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. <u>Procunier v. Martinez</u>, 416 U.S. 396 419 (1974).

It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. <u>Walker</u>, *supra* at 771 F.2d 932; <u>Kensu v. Haigh</u>, 87 F.3d 172, 175 (6th Cir.1996).

The plaintiff has alleged no such showing of prejudice. Consequently, he has failed to state a claim upon which § 1983 relief can be granted.

Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
John T. Nixon
Senior District Judge